2009 BNH 001
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                Bk. No. 08-10948-MWV
                                                                      Chapter 13
Beth A. Handy,
                Debtor

*Grenville Clark, III, Esq.*
*GRAY, WENDELL & CLARK, P.C.*
*Attorney for Debtor*

*John T. Precobb, Esq.*
*ORLANS MORAN PLLC*
*Attorney for Washington Mutual Bank*

*Lawrence P. Sumski, Esq.*
*Chapter 13 Trustee*

## MEMORANDUM OPINION

The Court has before it the Debtor's objection to Washington Mutual Bank's (hereinafter, "WAMU") proof of claim no. 16.  Specifically, the Debtor objects to the amount of the arrearage in the total amount of the claim that is affected by the arrearage.  The Court held an evidentiary hearing on December 9, 2008, and at the conclusion of the hearing, ordered both parties to file a statement of how they calculate the prepetition arrearage, which both parties did.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

The Court has now reviewed the evidence and the statements of claim by both parties. Based on the evidence before the Court, the Court denies the Debtor's objection to claim for the following reasons.

The Debtor claims that she has not received a credit for a negative delinquency of $1,250.94 and a post-petition payment of $2,923.43. Both parties agree that at the time of the filing, the Debtor was in arrears seven payments of $1,673.35 for a total of $11,713.45. Prior to the filing, there was a suspense balance of $1,250.94 from which WAMU deducted nine late payments of $67.69, bringing the suspense balance down to $641.73 for which the Debtor has received credit in the proof of claim.

With respect to the $2,923.43 payment, WAMU applied this payment to the escrow deficit, leaving a balance in the escrow account of $854.03, which is now part of the escrow post-petition balance. The fact that this payment was applied to the escrow account rather than principal and/or interest has no effect on the total arrearage proof of claim.

The Debtor further objects to the legal fees and costs included in the proof of claim, alleging that the Debtor was current in her payment agreement outlined in WAMU's September 21, 2007, letter. (Debtor's Ex. 113.) Paragraph B of WAMU's September 21, 2007, letter repayment agreement clearly states that time is of the essence, and payments had to be received by WAMU by the due date. There is no question that the payment due on January 1, 2008, was not received until January 7, 2008. In fact, the Debtor testified that she had not read the second page of the September 27, 2007, letter, which contained this paragraph B. WAMU had every right to commence collection procedures at that point since the Debtor was in default. All the fees and costs arrived at accrued after the Debtor was in default and appear to be reasonable to this Court.

## CONCLUSION

For all of the above reasons, the Debtor's objection to claim is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 6th day of January, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge